HENRY H. TURNER *vs.* JOHN Q. ADAMS ET AL.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Nothing which contradicts the record can properly be assigned as error.
Where a party seeks a new trial upon the ground of mispleading, and
    by reference makes the record in the former action part of his com-
    plaint, the trial court may properly use such record as evidence of
    the issues, scope and object of the first action, also of any admis-
    sions made therein by the present plaintiff, and the adjudication of
    any fact or facts, within the issues then raised, which are pertinent
    to the case in hand.
Where evidence claimed to have been erroneously admitted or excluded
    does not touch the issue upon which the case was determined, the
    rulings, even if erroneous, are harmless, and therefore a new trial
    will be denied.

Argued April 18th—decided June 6th, 1902.

ACTION to obtain a new trial for mispleading, for the reformation of a written contract, and for an injunction and other equitable relief, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Case, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff for alleged errors in the rulings and findings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Howard W. Taylor* and *William B. Boardman,* for the appellant (plaintiff).

*James E. Walsh,* for the appellees (defendants).

TORRANCE, C. J. In October, 1899, Adams, the defendant in this case, obtained judgment against Turner, the plaintiff in this case, which judgment upon appeal to this court was affirmed in May, 1900. *Adams v. Turner,* 73 Conn. 38. That judgment was obtained upon a written contract made between Turner and Howe in November, 1894, which Howe had assigned to Adams.

The complaint in the present case, in which Howe as well as Adams is made a defendant, alleges, in substance, that just prior to the execution of the above-mentioned written contract, Turner and Howe made the oral agreement set out in the complaint, which it was the intention of both to have embodied in the written contract, but which by the mistake and inadvertence of the draftsman was not so embodied; that both Turner and Howe supposed and believed it was so embodied when they signed the written contract; that in consequence of said mistake the written contract failed to express the real agreement of the parties; that Turner, in the former case, supposed and believed in good faith and on reasonable grounds, that under the pleadings in that case he could prove substantially all the provisions of said oral agreement; that in consequence of this he failed to ask to have the written contract reformed as he should have done so as to embody therein the oral contract; and that he by mistake and inadvertence mispleaded in that action and thereby lost his cause. The relief sought is a new trial of the former case, a reformation of the written contract, other equitable relief, and damages.

The record in the former case of Adams against Turner was made a part of the present complaint. The answer admitted that the former judgment had been obtained and affirmed, as alleged in the first two paragraphs of the complaint, and denied all the other allegations thereof.

One of the important questions raised by the pleadings was whether there was any oral agreement between Turner and Howe, existing prior to the execution of the written agreement, which they intended to embody therein, and which by mistake was not so embodied, as alleged in the complaint. If there was no such antecedent oral agreement, then the very foundation of the present action fails. The finding of the court upon that question is as follows: The written contract " fully embodied the whole agreement . . . of the parties and' expressed their mutual understanding of the same. There was no earlier or later separate or supplemental agreement of any sort between them relating to its subject-matter or modifying its terms; nor any undertaking

on the part of Howe that the written contract referred to should depend or be in any way conditioned upon his bringing the machine, which was the subject of it, to a higher state of perfection, or upon the invention or perfection of other improvements in connection with it."

If this finding is to stand, it is clear that the plaintiff is not entitled to any of the relief sought in the present action; and the finding must stand, unless the court in coming to such a conclusion committed some error which entitles the plaintiff to a new trial.

The errors assigned in the reasons of appeal are quite numerous, but for convenience they may all be grouped and considered under the four following classes: (1) the refusal of the court to correct the finding as requested; (2) the alleged action of the court in overruling certain claims of law made by the plaintiff; (3) the alleged action of the court in using as evidence certain portions of the record in the former case; (4) certain rulings upon evidence.

With reference to the first of these classes of alleged errors, but little need be said. The plaintiff asked the court to make numerous additions to and corrections of its finding, some of which it did, and some of which it did not, make. It is enough to say that in its refusals to add to or to correct its findings the court committed no error, and that the finding as made must stand.

In the second class of alleged errors it is claimed that the court below overruled some twelve claims of law made by the plaintiff; but this claim is not borne out by the finding. The finding on this point is as follows: " The plaintiff made the twelve claims of law set forth at length in the 93d paragraph of his draft finding, as incorporated in the record. Reference is hereby made to them without repeating them here, for the court sustained them all, and applied such of them as have any bearing upon the facts found, in the consideration and determination of the case." ` The judgment is not inconsistent with this finding, and nothing that contradicts the record can be properly assigned for error. *Wetmore* v. *Plant*, 5 Conn. 541, 544.

The plaintiff claims that the trial court erred in making use of certain parts of the record in the former case as evidence in the present case. That record was the entire record in the former case as made up for trial in this court. It contained the pleadings, the exhibits, the memorandum decisions, the judgment, the defendant's proposed finding of facts, the finding of facts as made by the court, the defendant's motion to correct the finding, the notice of appeal, and the appeal, and was expressly made a part of the complaint in the present case as Exhibit A. This exhibit was also referred to in many of the paragraphs of the present complaint, and certain parts of it were by reference made a part of such paragraphs. The record in the present case, as to this matter, is in substance as follows : When argument was reached in the court below, a long discussion was had as to the bearing in the case of Exhibit A. The plaintiff claimed that "it is only in, and appears from the complaint to be only in, for the purpose of showing the scope " of the judgment in the former case. More specifically, as stated in that part of the draft finding which is made a part of the finding by reference, the plaintiff claimed that the memorandum decisions and finding of facts in Exhibit A could not be used as evidence of the facts therein stated, but only as explaining the scope of the former judgment; and that the draft finding, motion to correct the finding, and exceptions to the refusal of the court to correct the finding, " could not be used as evidence of the facts therein stated," and that their use, except as they " contained admissions, should be restricted to explaining the scope of the former judgment." The court finds that Exhibit A was not offered in evidence, and was in the case only as it formed a part of the present complaint. The court further finds upon this matter as follows : " The court made no use of the record, or any part of it, except as such part was referred to in the complaint and made pertinent by such reference. . . . No memorandum of decision contained in said record was used by the court for any purpose whatever. The remaining parts of the record (Exhibit A) were noticed and used for two purposes, wherever they were pertinent in either respect:

(1) as defining the issues, scope and purpose of the first action; (2) as showing admissions of Turner in that action, pertinent also in this; or the adjudication of any fact or facts for or against him in that action, within the issues there raised, which fact or facts are made pertinent by the issues raised in this case."

We think the trial court was entitled to make such use of Exhibit A as is indicated in this finding; and that the claim that it erred in its use of that exhibit, or any part of it, is not supported by the record.

Certain rulings upon evidence are next to be considered. These relate (1) to the exclusion of the two questions asked of Taylor, counsel for Turner in the former suit, as to what construction he had, in the former trial, put upon certain language contained in the written contract between Howe and Turner, and why he had not then asked to have that contract reformed; (2) to the admission of the answer of Newman, a witness for the defendant, that certain language in that same contract did not cover certain non-patentable improvements; (3) to the admission of certain letters from the Turner Machine Company, in which company " the plaintiff was the controlling spirit" and whose "personal interests dominated and shaped those of the concern." The questions to Taylor were claimed " to show that the attorneys in the former trial did not believe that the reformation of the instrument was necessary." Newman had "qualified as an expert in soliciting patents, in the drawing of patent papers generally, and in the use of words and phrases that have technical meanings in that branch of the law." The objection to his answer was a general one. The letters admitted were six in number, running from July, 1896, to September, 1897. " They refer wholly to matters foreign to this controversy, and were claimed only for such weight as the absence therein of any reference to an agreement such as the plaintiff is here trying to establish might give them." They were admitted " as bearing upon a part of the general relations of these parties covering this entire period of time."

If the written contract embodied the entire contract be-

tween Turner and Howe, that ends this case. The court has found that it did. That finding is not affected by the evidence claimed to have been erroneously admitted or excluded, and could not be affected by that evidence if a new trial should be granted. That being so, a new trial will not be granted on account of those rulings, even if they were erroneous. Now assuming, without deciding, that the trial court erred in these rulings, we are of opinion that the claimed errors were harmless and afford no ground for granting a new trial in this case.

There is no error.

In this opinion the other judges concurred.