# BARON J. TORKOMIAN *vs.* WILLIAM E. RUSSELL ET AL.

Third Judicial District, Bridgeport, April Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The parties' own written agreement must prevail in this court over an apparently inconsistent or contradictory statement in the finding.

The law does not require the idle ceremony of an actual physical tender to a vendee who has definitely notified the vendor that he will not accept the article if tendered. Under these circumstances it is sufficient if the vendor, having the article or the means of securing it, is ready and willing to deliver it to the vendee at the time and place agreed upon.

Ordinarily the damages recoverable by a vendor for the vendee's wrongful refusal to take goods contracted for, is the difference, at the time and place of delivery, between the contract price and the market price; and this rule is affirmed by § 64 of our Sales Act "in the absence of special circumstances showing proximate damage of a greater amount."

An automobile sales agent who loses his commission through the refusal of a buyer to take the car he had ordered, is entitled to recover the amount of such commission less any expenses incurred by him in making the car ready for delivery pursuant to the contract.

In the present case the defendants, who were agents for the sale of a certain kind of automobile, agreed in writing with the plaintiff to sell and deliver to him a car of that kind for $3,250, and to accept at $700 in part payment therefor a used car which the plaintiff turned over to them. The defendants also agreed to, and did, give their demand note for $700 to the plaintiff upon his promise not to call for its payment unless the defendants should fail to deliver the new car at the time agreed upon. About two months thereafter, and from thence until the time of delivery, the plaintiff repeatedly expressed his unwillingness to take the car he had ordered, and solely because of his refusal the defendants did not make a formal tender of the car, though ready, able and willing to deliver the car if the plaintiff would accept it. The plaintiff in this action sought to recover, first, for an alleged breach by the defendants of their promise to deliver to him the new car, and second, upon the $700 note. *Held:*—

1. That the plaintiff could not recover upon the first count, because there had been no failure upon the part of the defendants in the delivery of the car, the law not requiring them to make a useless tender; and for the same reason no recovery could be had on the note, the

Torkomian *v.* Russell.

parties having expressly agreed that it should not become payable until there had been a default in the delivery of the car.

2. That the defendants upon their counterclaim were entitled to recover a sum equal to the net profit they would have realized had the plaintiff taken and paid for the car as he agreed, or, in other words, the net amount of their commission, but were bound to credit upon that sum the $700 which they had received of the plaintiff by way of his used car.

Argued April 11th—decided June 2d, 1916.

ACTION to recover damages for an alleged breach of contract, and, in a second count, to recover the amount of a promissory note, brought to and tried by the Superior Court in New Haven County, *Reed, J.;* facts found and judgment rendered for the plaintiff for $763, and appeal by the defendants. *Error and new trial ordered.*

*Lawrence L. Lewis* and *Charles E. Hart, Jr.,* for the appellants (defendants).

*Ulysses G. Church,* with whom was *Edward B. Reiley, Jr.,* for the appellee (plaintiff).

WHEELER, J. The finding recites that on November 1st, 1913, the defendants were dealers in automobiles in Waterbury and agents for the sale of the Lozier make of automobile; that on said day the plaintiff and the defendants entered into a written contract by the terms of which the defendants agreed to sell the plaintiff a Lozier six automobile, to deliver the same between April 15th and May 1st, 1914, and to accept in part payment a used Studebaker car at the agreed price of $700, and to give the plaintiff their note for $700 payable to plaintiff or order on demand in consideration of the Studebaker car; that the plaintiff, in consideration of the promises of the defendants, agreed to pay $3,250 for the Lozier car, and not to demand payment of the $700 note unless the defendants failed to deliver the Lozier car.

From about the beginning of 1914 down to the delivery period, the plaintiff repeatedly expressed his unwillingness to take the Lozier six, and desired defendants to substitute another car, which they refused to do. The defendants were ready and willing to deliver the Lozier six at the delivery period, but by reason of plaintiff's expressed unwillingness to accept the car if delivered, the defendants did not make actual physical delivery. Up to May 1st, 1914, and at no time thereafter, did the defendants have a Lozier car in their possession for delivery to the plaintiff, and they took no steps to procure a car for the plaintiff and to deliver the same to him.

The finding is somewhat inconsistent in certain particulars. It recites that the defendants were ready and willing to deliver the Lozier car and that defendants took no steps to procure a car for delivery to plaintiff. We are of the opinion that the finding may fairly be construed to mean that the defendants had the means of getting the car and were willing to do so, but that, owing to the plaintiff's expressed refusal to accept, the defendants did not purchase, or have for delivery to the plaintiff, a Lozier six at the period named for delivery.

The finding also recites that the parties regarded and treated the note as an independent obligation due the plaintiff by the defendants. But the agreement under which the note originated shows that the note was a part of the agreement and was given as evidence of the allowance made for the Studebaker car, which was turned in by the plaintiff, as part consideration for the purchase of the Lozier six; and the agreement provides that the note was not to be pressed for payment unless the defendants failed to deliver the Lozier car at the period named.

Upon its face the finding seems to contradict the

agreement; but the agreement is the controlling fact in the case and we must follow it, hence there is no occasion to correct the finding in this particular.

Other claimed corrections of the finding we do not find necessary to consider in view of our disposition of the case.

One of the errors assigned is the rendition of the judgment upon the note. The agreement expressly provides that the note is not to be demanded unless the defendants failed to deliver the car at the period named. The defendants pleaded, and it is found, that the plaintiff had notified the defendants for upward of five months and down to the period of delivery named that he would not accept the Lozier six. The defendants were entitled to act upon the assumption that the plaintiff meant what he said and they were not required to go through the idle ceremony of making a physical tender. They did all that they were obliged to do when, having the means of getting the car, they "were ready and willing to deliver the Lozier six automobile at the time specified for delivery in said contract." *Adams* v. *Turner*, 73 Conn. 38, 46, 46 Atl. 247; *Smith* v. *Lewis*, 26 Conn. 110, 118. There has been no failure on the part of the defendants to deliver this car, and the judgment, so far as the action upon the note was concerned, should have been for the defendants.

The remaining reasons of appeal that require consideration are based upon the measure of damages for the defendants adopted by the trial court. In count one of the complaint the plaintiff seeks to recover for the defendants' breach of their contract, and in count two upon the $700 note. The defendants alleged, under their special defense to both counts and as a basis of recovery on their counterclaim, that the plaintiff had notified them that he would not accept the car contracted for, if tendered, and further, that they had lost,

in consequence of this breach of contract by the plaintiff, $700.

The defendants, if entitled to recover under their counterclaim, were entitled to recover under our common law such sum as would put them, so far as it can be done by money, in the same position they would have been in if the contract had been performed. In the absence of special circumstances requiring a different rule, the damages recoverable by a vendor for refusal to take goods contracted for is the difference, at the time and place of delivery, between the contract price and the market price. *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473, 480, 35 Atl. 521. But we recognize that this rule is not an unbending one, that the circumstances may require its modification in order to effectuate the cardinal purpose, "just compensation for the loss incurred"; and the loss must be such as "may reasonably be supposed to have been in the contemplation of the parties at the time they made the contract." *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473, 480, 35 Atl. 521. Section 64 of the Sales Act (Public Acts of 1907, Chap. 212, p. 782) reaffirms our rule for measuring damages in case of breach of a contract of sale by the vendee.

The market price to these defendants of a Lozier six was undoubtedly less than its selling price, since they were selling agents who purchased and took title to the cars they disposed of. Section 64 provides as a measure of damage the difference between the contract price and the market price "in the absence of special circumstances showing proximate damage of a greater amount." The circumstance that these defendants were selling agents and purchased cars at a rate lower than the market price of the cars to the public, made the ordinary measure of damages inadequate. The defendants lost, by the plaintiff's breach, the difference

between the contract price and what the car, ready for physical delivery to the plaintiff, would have cost them, which would have been the purchase price of the car plus the expense, if any, of delivery and of making it ready for delivery. This is the application of § 64 to the facts of this case. It requires the person who has failed to keep his contract of sale to pay the loss caused to the contractor who has kept his contract. *Lee* v. *Harris*, 85 Conn. 212, 214, 82 Atl. 186.

The defendants, as vendors or contractors, were entitled to show what a Lozier six car would have cost them, in the same way a manufacturer might show the cost of an article manufactured by him. The defendants would thus recover the profits they would have made had the plaintiff carried out his contract. In such a case profits are not speculative, but certain and ascertainable, and the legitimate fruits of the contract. *Roehm* v. *Horst*, 178 U. S. 1, 21; 20 Sup. Ct. 780; *Dimmick* v. *Hendley*, 117 Md. 458, 84 Atl. 171; *Poppenberg* v. *Owen & Co.*, 84 Misc. Rep. 126, 146 N. Y. Supp. 478. The profit of the defendants might also have been ascertained by finding the commission made by them in the sale, less the expenses incurred by them. Evidence of such a commission was received from one witness and rejected from another. This rejection is assigned as an error. But the offer was merely cumulative and the rejection of the evidence would have been harmless if the fact it tended to corroborate had been found. This fact, however, is not found in the finding, nor does it appear in the draft-finding. Nor is the failure to so find made one of the assignments of error. We thus have no means of determining, upon the facts found, what profit the defendants were entitled to recover, and therefore we cannot direct the judgment to be entered.

Since the defendants retained the Studebaker car,

and the agreed price of this car was $700, the plaintiff should be allowed this sum, and the defendants should be allowed their profit had the plaintiff fulfilled his contract. The judgment should have been for the difference between these sums, and for the plaintiff if the $700 exceeded the profit, and for the defendants if the profit exceeded the $700.

There is error, the judgment is reversed and a new trial ordered.

In this opinion the other judges concurred.