JAMES BRUNDRETT *vs.* MAX ROSOFF.

Third Judicial District, New Haven, June Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

In an action by a tenant against his landlord for personal injuries caused by an alleged defective cellar stairway used by the tenants of the building in common, parol evidence is admissible to show that the cellar, although not mentioned in the written lease, was in fact provided by the landlord and was intended by the parties to be used as an appurtenance to the rooms upon the upper floors occupied by the respective tenants.

The trial court left it to the jury to determine whether the plaintiff tenant used a portion of the cellar as an appurtenance to his five rooms upon the top floor of the building, or only as a mere licensee through the courtesy of the landlord, and the jury decided this question adversely to the defendant. *Held* that the intention of the parties respecting the use to be made of the cellar was a question of fact, and that its submission to and determination by the jury left no basis for the defendant's claim of nonliability upon the theory that the plaintiff was a mere licensee.

Argued June 5th—decided July 23d, 1918.

ACTION by a tenant against his landlord to recover damages for personal injuries due to a fall upon the cellar stairs used in common by the occupants of the building, which were alleged to be unsafe and out of repair and known to be so by the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Curtis, J.;* verdict and judgment for the plaintiff for $2,358, and appeal by the defendant. *No error.*

*George E. Beers,* with whom was *Claude B. Maxfield,* for the appellant (defendant).

*Samuel E. Hoyt,* for the appellee (plaintiff).

SHUMWAY, J. Of the numerous reasons of appeal, it is apparent that the treatment by the trial court of what the defendant calls a "vital" question of fact, is the controlling question in this case. This question is, what was the relation of the parties with respect to the stairway leading from the ground floor of the building to the cellar? It was clearly shown that the plaintiff was injured while using this stairway. The plaintiff contended that he was properly using this stairway and by reason of the defective and dangerous condition of the stairs, which resulted from the negligence of the defendant, he was injured.

The finding discloses that the plaintiff was a tenant in a building owned by the defendant. The plaintiff occupied a part of the building under a written lease. The first or ground floor of the building was fitted and used for stores, and the floor or floors above contained a number of apartments and were rented for dwellings. The written lease did not mention the cellar. At the time the plaintiff was negotiating for the lease he was informed by the defendant that there was a cellar in the building for use of the tenants, and that therein each tenant had a compartment for coal, wood and goods, and the plaintiff would have one of the compartments. After the plaintiff moved into the building he was told by the defendant that the compartment in the cellar designated for his use would be marked with his name, and the plaintiff found his name on one of the compartments and used the same from July, 1916, until the November following. The cellar was reached by a stairway from the hall of the first floor, which hall and stairway were used in common by the tenants of the building.

The court in its charge to the jury stated that among the facts the plaintiff must prove were these: (1) "that the cellar in said building was used in common by the various tenants in connection with their apartments, as a place for coal, wood and other storage, with consent of the defendant; (2) that the entrance to said cellar was by a stairway from a hallway used in common by the tenants in the building, and that said cellar stairway was used in common by the tenants and was reserved and intended by the defendant for use in common by the tenants." The court also said to the jury, as to the first fact above quoted, that "the plaintiff claims on that evidence that that fact is proven. I do not recall any evidence that seriously disputes that fact." As to the second fact, the court said: "This, the de-

fendant denies. That fact, also, the plaintiff must prove by a fair preponderance of the evidence. The plaintiff claims that the condition of the cellar, divided up into compartments in connection apparently with the tenements above, the dumb-waiter which goes from the cellar to the floor above, all indicate that the facts just recited to you in this paragraph are proven; and, as I recall, the defendant upon the stand did not testify as to that feature of the case. The plaintiff, therefore, claims that that fact is proven."

A review of the entire evidence now before this court sustains the comment of the court as to the testimony; but the defendant contends that the rulings and charge of the court were erroneous because the court did not charge the jury in accordance with his request, to wit: "If the plaintiff had no right to use the stairs under his contract of letting, but was simply allowed to use them through courtesy, there is no liability on the part of the defendant." If the court's treatment of the question involved in this request was correct, it disposes of all the questions raised by the appeal.

First, the defendant objected to parol evidence that the defendant designated the apartment in the cellar the plaintiff was to use and occupy in connection with his tenement on the upper floor. The ruling of the court was correct. The plaintiff could show what was intended by both parties to the lease to be included within it. Such testimony does not alter the terms of a written agreement. The only description of the tenement contained in the lease is "five rooms on the top floor of the building as living rooms." The plaintiff surely could show what five rooms were leased, and necessarily there passed with the rooms all other appurtenances provided by the landlord and intended by him to be used by the tenant in connection with

his occupancy of the rooms. The intention of the parties was a question of fact, and this was properly submitted to the jury by the court, and found adversely to the defendant's claims.

This finding in effect disposed of the defendant's contention that as a matter of law the plaintiff was occupying the apartment in the cellar not under and by virtue of his lease, but by the permission of the landlord, and that the plaintiff was a mere licensee. All of the claimed errors of the court hinge upon this ruling. If the plaintiff was occupying the cellar and using the stairway as a tenant, all the other rulings of the court were obviously correct.

There is no error.

In this opinion the other judges concurred.