VITTORIA MIRANDO *vs.* JOSEPH MIRANDO.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

In the comprehensive form of action known as ejectment or disseizin, a demand for possession and for damages may be joined with a prayer for equitable relief.

The complaint in the present case examined and *held* to contain allegations sufficient to support a judgment as in an action of ejectment.

The sum of $25 awarded a plaintiff who has offered no definite proof of loss will be regarded as the nominal damages which the law always implies from the invasion of a legal right.

When the language of an instrument, clear upon its face, assumes a doubtful meaning in the light of the circumstances disclosed by the evidence, there is said to exist a latent ambiguity which is explainable by resort to extrinsic aid.

The lease from the plaintiff to the defendant in the present case described the premises as a "garage" and a "store," the location and extent of which were, under the circumstances, doubtful. *Held* that evidence of the recent conduct of the parties, when joint owners of the premises, in dealing with a prior lessee was relevant in explanation of the ambiguity; and that its admission by the trial court was, in any event, harmless in view of the remaining testimony.

Argued January 27th—decided April 8th, 1926.

ACTION in the nature of ejectment to recover possession of certain portions of premises owned by the plaintiff and occupied by the defendant under a claim that they were included in a lease to him by the plaintiff, brought to the District Court of Waterbury and tried to the court, *Beardsley, Deputy-Judge;* judgment for the plaintiff from which the defendant appealed. *No error.*

*Frank P. McEvoy,* for the appellant (defendant).

*Charles G. Root,* for the appellee (plaintiff).

HINMAN, J. Plaintiff, who is the wife of the defendant but living apart from him, brings this action to recover from defendant possession of a cellar under a garage building, and a portion of a cellar containing a furnace and coal bin under the dwelling-house of plaintiff and back of a store; the garage and store having been leased to defendant by plaintiff, and he claiming possession, under the lease, of the cellar under the garage as a part of the garage, and of the portion of the cellar containing the furnace and coal bin as a part of the store. The parties entered into a lease which provided "that the lessor has leased and does hereby lease to the lessee the store 199 Hill Street and the garage in the rear." Since the lease, defendant has been in the occupancy of the store and the entire cellar in the rear thereof, and the garage building and cellar thereunder.

The court found that "the 'store' leased by the plaintiff to the defendant, had been occupied jointly by the defendant and plaintiff before their separation, and included the whole of the basement within the four walls of the building, excepting the furnace, its enclosure and coal bin, and access thereto across the

cement floor from the outside door of the building"; and that "the 'garage' leased by the plaintiff to the defendant contained a two-car space facing Pilgrim Avenue and a one-car space facing Hill Street, but did not include the separate cellar underneath a portion of the 'garage building' and unconnected therewith by entrance or by use." While these two paragraphs are stated in the finding as conclusions, they are subordinate facts.

The court held, among other conclusions, "that there was a latent ambiguity in said lease in the use of the words 'store' and 'garage,' explicable only by extrinsic evidence."

The defendant seeks, on appeal, to have the finding corrected by striking out six paragraphs. Of these, paragraphs ten and fourteen, and paragraphs one and two of subdivision II, are amply supported by evidence and by subordinate facts, set forth in the finding, which are based upon evidence and the court's inspection of the premises. Paragraph twenty-four is an obviously inadvertent and harmless repetition of a statement in a preceding paragraph of the finding. The conclusion stated in paragraph twenty, above quoted, is abundantly supported by subordinate facts. The remaining requests for correction were adequately complied with by the trial court.

The further reasons of appeal, with the exception of two hereinafter noticed, appear to be based upon a claim that the action as pleaded should be regarded as, in essence, one for reformation of the lease because of mutual mistake, and that, inasmuch as the finding negatives the existence of such mistake, the judgment rendered is not supported by the pleadings and is based upon facts which are not involved in the issues. Eliminating from consideration the paragraph alleging mistake, and the prayer for relief by reformation, the

complaint yet contains allegations sufficient to that comprehensive form of action "indiscriminately called . . . ejectment or disseizin," which "lies for possessory rights," in which "damages may be recovered," and prayer for "equitable relief . . . may be joined with a demand for damages and possession." 1 Swift's Digest, p. 507; *Walsh* v. *Feustel,* 93 Conn. 366, 105 Atl. 696; *Crandall* v. *Gallup,* 12 Conn. 365. The judgment as rendered is appropriate to such an action, is within the prayers for relief, and is justified by the facts found.

The award of $25 damages without definite proof of loss or damage is also assigned as error. The law implies damage from the invasion of a legal right and recovery of nominal damages, at least, must be had. *Beattie* v. *New York, N. H. & H. R. Co.,* 84 Conn. 555, 80 Atl. 709; *Dewire* v. *Hanley,* 79 Conn. 454, 65 Atl. 573. The amount is not such as to render the damages awarded other than nominal. *Brennan* v. *Berlin Iron Bridge Co.,* 72 Conn. 386, 44 Atl. 727.

The plaintiff had testified that, for a time before the defendant himself occupied the store, it was rented by one Mazaika, and had stated, without objection, that during his tenancy the door between the store and the cellar was locked. In reply to a question as to who occupied the cellar at that time, the plaintiff was permitted, over objection, to testify that she occupied it herself, and this ruling is assigned as error. The plaintiff then testified, without objection, that she kept wood, coal and groceries for family use in the cellar while Mazaika occupied the store. A latent ambiguity exists when, although particular words appear on the face of the instrument to be clear, it becomes necessary, in view of circumstances disclosed by the evidence, to resort to extrinsic aid in order to apply those words to the subject which they describe. *Adams*

v. *Turner,* 73 Conn. 38, 46 Atl. 247; *Petrie* v. *Trustees of Hamilton College,* 158 N. Y. 458, 53 N. E. 216; *Sherrod* v. *Battle;* 154 N. C. 345, 70 S. E. 834; 3 Words & Phrases (2d Series) p. 31; 2 Corpus Juris, 1314. Evidence of circumstances tending to show the meaning in which the words "store" and "garage" were used in the lease, and the subject-matter to which those terms related and its extent, was admissible. *Brundrett* v. *Rosoff,* 92 Conn. 698, 104 Atl. 67; *Murphy* v. *Schwaner,* 84 Conn. 420, 80 Atl. 295; *Adams* v. *Turner,* 73 Conn. 38, 46 Atl. 247; *Hildreth* v. *Hartford, M. & R. Tramway Co.,* 73 Conn. 631, 48 Atl. 963; *Spongberg* v. *First National Bank,* 15 Idaho, 671, 99 Pac. 712; *Scheible* v. *Slagle,* 89 Ind. 323. The recent conduct of the parties, when joint owners, in dealing with a stranger, was not irrelevant to the inquiry as to the meaning and scope of the word "store" as employed by them in their lease. Even if it could be held technically inadmissible, this isolated answer was harmless, in view of the other testimony to the same point, which preceded and followed it.

There is no error.

In this opinion the other judges concurred.