THE ROYAL PARLOR COACH COMPANY, INCORPORATED, *vs.* CHARLES SUSNITZKY.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued November 7th—decided December 18th, 1928.

*Benjamin Slade*, with whom, on the brief, was *Eli Millner*, for the appellant (plaintiff).

*William H. Comley*, with whom was *Leonard Mc-Mahon*, for the appellee (defendant).

HINMAN, J.   The trial court directed a verdict in favor of the plaintiff upon the issues of execution and breach of the contract, but left to the jury the determination of the amount of damages.   The only question presented by this appeal is whether the trial court was justified in declining to set aside the verdict, the appellant contending that the evidence was such as to require the jury to render a verdict for substantial damages, and that their award of a nominal sum

($1.12) only, should have been set aside as against the evidence.

The contract price of the three busses and equipment was $31,000, payable by the defendant as follows: $16,750.51 by assumption of unpaid notes, secured by conditional bill of sale, to Mack Motor Company, the plaintiff's vendor; $50 cash at time of agreement; $950 cash on taking title; $1,249.49 by .note payable in thirty days, and balance, $12,000, in notes secured by mortgage on real estate in Danbury. The plaintiff's evidence as to amount of damages resulting to it from breach of this agreement, which breach, it claimed, occurred on May 8th, 1926, consisted of testimony of one Falk, who was general manager of the plaintiff corporation, and one Deregibus, its president. This was to the effect that the plaintiff made seasonable effort, by advertisement and otherwise, to dispose of the busses to others, and in June succeeded in selling them to Philadelphia parties named Demaree and Clancy, for $21,500, payable by assumption of Mack notes of about $14,000, $3,500 in cash and the balance in notes, but that the cash was not paid; that two of the busses were delivered to these purchasers near the end of June and the third on July 4th; that subsequently, in October, 1926, the Mack Company, as conditional vendor, replevied the busses in Philadelphia and in Camden, New Jersey, sold them, and the plaintiff received therefrom a salvage of $3,475.

The plaintiff's principal claim as to the measure and amount of its damages was that it consisted of the difference between the contract price to the defendant and the alleged resale price to Demaree and Clancy, less the $50 cash payment, and the above-mentioned salvage. This claim depended upon acceptance by the jury, in all essential particulars, of the testimony offered by the plaintiff as to resale to Demaree and

Clancy and the terms and time thereof, and it fails if the jury were justified in finding either that no such sale was made or that, if made, it was at a much later time than claimed by the plaintiff.

It appears from the evidence offered by the plaintiff that at the time of the transactions in question and up to the time of delivery to Demaree and Clancy, the three busses were operated in the regular transportation of passengers between Stamford and New York. The defendant offered evidence that, instead of being delivered and taken to Philadelphia not later than July 4th, 1926, these busses were so operated by the plaintiff continuously until the latter part of August and between trips were stored and serviced for the plaintiff in a Stamford garage. There was other evidence indicating that the busses were in plaintiff's possession after July 4th. The defendant also offered evidence that payments of Mack notes were made by the plaintiff until September and it was not until October 13th that the balance unpaid was reduced to the amount, approximately, claimed by the plaintiff's witnesses to have been assumed by Demaree and Clancy as part of the purchase price; also that the first notice to the Mack Company of any contemplated transfer of the busses was given by Demaree on September 21st, and the only payment made other than by the plaintiff was one by Demaree on October 13th. It was testified, further, that the replevin process upon which the Mack Company repossessed the busses, November 26th, 1926, was directed against the plaintiff company.

The plaintiff investigated the financial responsibility of the defendant, in contemplation of the mortgage by which it was proposed to secure part of the purchase price. According to the plaintiff's evidence no such inquiry was made or assurance had as to Demaree and Clancy, the busses were delivered to them and removed

from the State notwithstanding their failure to make the cash payment alleged to have been agreed upon or to furnish any security for the entire purchase price above the amount of the Mack notes, and they were permitted to retain and use them, without any payment to the plaintiff during the period, nearly five months, between the alleged date of delivery and the replevy by the original vendors. These and other pertinent considerations, including the unexplained absence of testimony by the plaintiff's New York attorney who, the plaintiff claimed, was the sole possessor of exact and detailed information as to the transactions with Demaree and Clancy, were sufficient to engender serious doubt as to whether any actual sale was made to these parties and to justify the jury in finding that the plaintiff had failed to prove that there was such a sale at any time.

The state of the evidence as to the time of sale and delivery, if any, was even more adverse to the plaintiff's claims. Careful consideration of all the testimony convinces that an intelligent jury, acting fairly and honestly, could hardly have found that delivery to Demaree and Clancy was made, if at all, when and as claimed by the plaintiff, or earlier than September; certainly a conclusion that it was not so made is invulnerable on a motion to set aside the verdict. If there was no sale at all, or a merely colorable sale, so that the plaintiff remained the real owner of the busses until they were replevied, or if the plaintiff, instead of making a resale immediately or within a reasonable time, at the best price obtainable, retained and continuously used the busses in its business until September, with no more effort to sell them than the record discloses, a sale at the later time would afford no reliable criterion for ascertaining value at the time of the breach, especially in the absence of evidence as to

the inevitable depreciation by such use, the value of the use, the identity of or difference in market conditions, and other elements essential to a fair determination.

The appellant contends, further, that even if the jury had been justified in finding that there was no resale to Demaree and Clancy, market value for the busses is sufficiently established by the amount realized from them by the Mack Company at some undisclosed date after the replevy on November 26th, as deduced by combining the amount due the Mack Company on October 13th, $14,052.94, and the salvage allowed the plaintiff, $3,475, a total of $17,527.94. Such an assumption obviously omits the item of interest on the Mack notes from October 13th to date of sale and other inherent elements, and the record is silent as to all the details necessary to a determination as to whether whatever amount was realized reflected the fair market value at the time. The facts affecting a difference between market value at the date for delivery under defendant's contract and that of the ultimate sale are also lacking.

Manifestly the jury might reasonably have found that the plaintiff had failed to furnish sufficient or any definite or proper basis for the determination, according to the rules governing such ascertainment, of the amount of damages resulting to it from the defendant's breach of his contract. General Statutes, §4730; *Allen* v. *Jarvis,* 20 Conn. 38, 48; *Belisle* v. *Berkshire Ice Co.,* 98 Conn. 689, 699, 120 Atl. 599; 35 Cyc. 592, 597. If they so found, award of nominal damages was the proper and only available course. *Mirando* v. *Mirando,* 104 Conn. 318, 321, 132 Atl. 910.

There is no error.

In this opinion the other judges concurred.