## HORACE P. ABATE v. HENRY OLSSON ET AL.

SUPERIOR COURT       NEW HAVEN COUNTY       FILE No. 69044

Memorandum filed July 9, 1947.

*David J. McCoy*, of New Haven, for the Plaintiff.

*James F. Rosen* and *Lester H. Aaronson*, of New Haven for the Defendants.

MURPHY, J. The plaintiff has sued in ejectment to obtain possession of a certain parcel of land with the buildings thereon, known as 59 Helen Street in the town of Hamden. In addition, he seeks damages and certain equitable relief. " . . . the complaint . . . contains allegations sufficient to that comprehensive form of action '. . . called . . . ejectment or disseizin', which 'lies for possessory rights' in which 'damages may be recovered', and prayer for 'equitable relief . . . may be joined with a demand for damages and possession'." *Mirando* v. *Mirando*, 104 Conn. 318, 321.

The plaintiff purchased the property on December 19, 1946, from Emil G. Olsson, Jr., with full knowledge that the defendants, Henry, John and George Olsson, all brothers of Emil, claimed an interest in it. He, therefore, acquired it subject to such equities as they had even though his title search did not reveal them. *New York N. H. & H. R. Co.* v. *Russell*, 83 Conn.

581. To recover the plaintiff must rely upon the strength of his own title and therefore upon the title of his grantor and not upon the weakness of the defendants' title. *Hurlburt* v. *Busse-mey,* 101 Conn. 406, 410.

Emil G. Olsson, Jr., acquired his title by administrator's deed from Martin Tykeson, administrator's deed from Martin Tykeson, administrator of the estate of Sigrid K. Olsson. Mrs. Olsson was the mother of Emil and the defendants and the sister of Tykeson. In September, 1940, she purchased the home at 59 Helen Street, Hamden, for $5500. It was subject to two mortgages totaling $4460. Emil loaned his mother $1010 to finance the purchase and took back from her a third mortgage for $1000. No payments of interest or principal had been made upon it when she died in 1942.

Henry Olsson signed the application for administration and, by agreement of Emil and Henry, Mr. Tykeson was appointed. Because the equity of the estate in the property was nominal, it was also agreed that Emil should acquire the estate's interest upon payment of the sum of $130, sufficient to cover administration costs and counsel fees. Accordingly, application to sell was made to the Probate Court, which was duly advertised and after hearing, the court approved the sale. Thereupon Emil acquired title. Thereafter the bills for taxes etc., came to the house in Emil's name, of which the defendant Henry had knowledge.

The four brothers continued to live in the house and each contributed to a common fund to run the household. The expense of carrying the property was paid by Emil. Friction developed between Emil and John in the summer of 1946. Emil decided to sell. On December 4 he accepted a $50 deposit from the plaintiff upon the purchase price of $8000. About a week later, he informed the plaintiff that his brothers were not willing to vacate On December 11 or 12 the plaintiff phoned the house. Henry told him that the brothers considered themselves co-owners with Emil and also their sister and father and that Abate should refrain from buying.

After the call, Henry, John and George talked the matter over. Henry received a second call from Abate which he discussed with the other two. On December 19 after acquiring title, Abate again phoned Henry, told him that he had purchased the property and demanded that they vacate. He refused.

John and George had authorized him to speak for them. Emil moved out December 19. The following day, the defendants changed the locks on the house and the plaintiff has been unable to enter.

On December 19, 1946, Emil G. Olsson, Jr., had a good indefeasible estate on fee simple of the property in question and conveyed good title to the plaintiff. The defendants had no legal or equitable interest in said property. However, the property is not sufficiently described in the complaint. Judgment for the plaintiff for possession of the property will be entered by the clerk upon the filing of an amendment to paragraph 1 of the complaint describing by metes and bounds the property as described in exhibit A, the warranty deed from Emil G. Olsson, Jr.

Damages are registered to those sustained to the date of the writ. *Quigley* v. *Stanton,* 130 Conn. 491, 493. Plaintiff was entitled to possession on December 19, 1946. The writ was served January 17, 1947. Plaintiff is to recover damages of $100 and costs of suit.

In an attempt to prevent the sale to Abate, the defendants herein and their sister and father instituted a suit against Emil G. Olsson, Jr., and Martin Tykeson, both individually and as administrator. It is No. 68972 in this court. The attachment of Emil's interest was not recorded in the town clerk's office until after the plaintiff's deed was recorded. Upon its face, it seems to have been a futile gesture to embarrass. As the transfer to Abate had already been accomplished, Emil, Jr., had no interest that could be attached. It seems to the court that the attorney for the defendants who signed the writ of attachment in the other suit should, as an officer of this court, release that attachment in view of this decision.

The instant action (ejectment) is the proper one to settle a dispute of title. *Cahill* v. *Cahill,* 76 Conn. 542, 545.

The plaintiff by way of equitable relief asks to have this attachment dissolved and discharged. As two of the plaintiffs in that suit are not parties to this one, the court doubts its authority to order the release of their interest in that attachment.

However, in so far as the present defendants are concerned no such feeling exists.

Upon the expiration of the time for appeal, the clerk, unless the atorney for the defendants herein has followed the court's

suggestion, shall, as part of the judgment, execute an order releasing and discharging of record the purported attachment of the interest of Emil G. Olsson, Jr., in this property in so far as it has been attached by the defendants herein, reference being had to the sheriff's return in No. 68972.

Judgment accordingly.