Coast Industries, Inc. *v.* Thomas W. Noonan et al.

Appellate Division of the Circuit Court

File No. CV 7-6210-2677

Argued October 24—decided December 27, 1966

*Sidney Vogel,* of Norwalk, for the appellant (defendant).

*Richard L. Goldblatt,* of Hamden, for the appellee (plaintiff).

LEVINE, J.  The plaintiff brought suit to recover damages for breach of contract by the defendants. Before trial, the action against the defendant Irene Noonan was withdrawn, leaving only the named defendant, hereinafter called the defendant.

The finding discloses that on November 7, 1961, the plaintiff and the defendant entered into a written contract for the plaintiff to construct a garage on the defendant's premises in Wilton at a price of $1679.  The contract provided that it was the plaintiff's duty to take care of the building permit and the variance required for the construction. The plaintiff was to complete the garage "three weeks after the permit is gotten," and in addition there appeared a provision that the garage be completed as "soon as possible."  On the same date, the plaintiff also filled out and signed a "property improvement loan application" on a form provided by the bank for financing the construction, which the bank approved November 13, 1961.  When no representative of the plaintiff appeared at the defendant's home on November 10 or 11, as previ-

ously discussed by the parties, the defendant telephoned the plaintiff and spoke with a secretary. This call was not returned by the plaintiff's agents who were handling the contract. On November 10, 11 and 12, the defendant discussed the construction of the garage with another contractor, Ward, who ultimately built the garage. On November 14, the defendant applied for a variance to the town of Wilton zoning authority, with plans prepared by Ward accompanying the application. On November 13, when the bank loan was approved, the plaintiff set aside at its warehouse the materials to be used in the garage. On November 15, a representative of the plaintiff visited the defendant and was informed by the defendant that he had engaged another contractor and that he did not intend to proceed with the contract between the parties. The plaintiff's attorney, by letter dated December 6, notified the defendant of the plaintiff's willingness to proceed with the contract. On December 12, the variance was granted, and on December 15 a building permit was issued.

The court concluded that a valid contract existed between the parties, that the plaintiff was willing to complete the contract, that the plaintiff offered to perform within the time provisions of the contract, that the defendant broke the contract, and that the plaintiff was entitled to recover $600 as damages. The defendant assigns error in the court's refusal to correct the finding and in the conclusions stated therein.

This court may correct the finding only if "relevant and material facts have been found without evidence, or . . . such facts were admitted or undisputed and have not been found, or . . . facts have been found in language of doubtful meaning." Practice Book § 985. A fact is not admitted or undis-

puted merely because it is uncontradicted. *Mercier v. American Refractories & Crucible Corporation,* 151 Conn. 559, 560; *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 41. A motion to correct the finding by striking certain facts found is futile where such facts are supported by evidence and the facts sought to be added are neither admitted nor undisputed. *State v. Coulombe,* 143 Conn. 604, 609; *Armstrong* v. *Watrous,* 138 Conn. 127, 128. Where, as here, there was conflicting evidence, the trier determines the credibility to be given to the testimony, and his finding of fact indicating the credibility of one witness rather than another is not ground for correction of the finding. *Morrone* v. *Jose,* 153 Conn. 275, 277; *Jarrett* v. *Jarrett,* 151 Conn. 180, 181; *Shakro* v. *Haddad,* 149 Conn. 160, 162. Our examination of the defendant's motion to correct indicates that the facts found are not in language of doubtful meaning and that the motion fails to demonstrate any of the other reasons set forth in § 985 of the Practice Book permitting correction of the finding.

The remaining assignment of error attacks the court's conclusions with regard to its finding of $600 damages, claiming that there was no evidence on which to base such an award and that the court erred in using gross profit or markup on this contract, rather than the net profit percentage of the plaintiff's yearly operations, as the measure of damages. The measure of damages for nonacceptance or repudiation of contract is set forth in § 42a-2-708 of the General Statutes.[2] Obviously the difference

---

[2] "Sec. 42a-2-708. SELLER'S DAMAGES FOR NON-ACCEPTANCE OR REPUDIATION. (1) Subject to subsection (2) and to the provisions of section 42a-2-723 with respect to proof of market price, the measure of damages for non-acceptance or repudiation by the buyer is the difference between the market price at the time and place for tender and the unpaid contract price together with any incidental damages provided in section 42a-2-710, but less expenses saved in consequence of the buyer's breach. (2) If the measure of damages

between the market price, at the time and place for tender, and the unpaid contract price, together with incidental damages, would be inadequate to put the seller in as good a position as performance of the contract would have done, and therefore the measure of damages should be "the profit (including reasonable overhead) which the seller would have made from full performance by the buyer." § 42a-2-708 (2). The general rule for damages in an action for breach of contract is to place the injured party, so far as it can be done by money, in the same position as he would have been in if the contract had been performed. *Belisle* v. *Berkshire Ice Co.*, 98 Conn. 689, 700; *Jordan, Marsh & Co.* v. *Patterson*, 67 Conn. 473, 480. The loss of profits is always a proper subject for compensation if such loss can be shown with reasonable certainty. *Churchill Grain & Seed Co.* v. *Newton*, 88 Conn. 130, 134. "It is a general rule of law that one who violates his contract with another is liable for all the direct and proximate damages which result from such violation. It is a rule so obviously just and so well established by authority that it ought not to be called in question. It is also a rule of law that 'in all cases of prevention of performance, where the plaintiff has been deprived by the defendant of the benefit of the contract, the plaintiff is entitled to recover what he has lost by the act of the defendant.'" *Stanton* v. *New York & E.R. Co.*, 59 Conn. 272, 283.

The court found as a fact that the plaintiff's profit, including the salesman's commission on the

provided in subsection (1) is inadequate to put the seller in as good a position as performance would have done then the measure of damages is the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages provided in section 42a-2-710, due allowance for cost reasonably incurred and due credit for payments or proceeds of resale."

contract, was $600. The plaintiff was entitled to recover the difference between what the garage constructed on the defendant's property would have cost it and the contract price. See *Torkomian* v. *Russell,* 90 Conn. 481, 486. Evidence was produced with reasonable certainty that the plaintiff's damages were in the amount of $600, which represented the difference between the contract price of the garage and the cost to the plaintiff of that garage constructed on the defendant's property. Included in that cost was the salesman's commission, which the plaintiff was legally bound to pay. Since no additions or deletions of fact were made to or in the findings of any other amount of damages, the conclusions of the court as to amount of damages were sustained by the finding of facts.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.