AGNES GAUCSO *vs.* ANNIE S. LEVY.

Third Judicial District, New Haven, January Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

A landlord's failure to repair a defective railing upon a second-story veranda, which, with connecting stairways, is used as a common approach to the several tenements upon the different floors of the building, constitutes negligence for which he is legally responsible to tenants and others injured by the defect while using such means of access.

A finding of facts cannot be changed in this court by resorting to the memorandum of decision which is not made a part of the finding. If a correction of the finding is desired, the statutory method must be followed and a motion made accompanied by the evidence which shows the propriety and necessity of the proposed alteration; otherwise the finding as made will be taken as a correct statement of the facts.

Argued January 19th—decided February 23d, 1915.

ACTION by a tenant to recover damages for personal injuries alleged to have been caused by the negligence of her landlord, brought to and tried by the Court of Common Pleas in Fairfield County, *Coughlin, Acting-Judge;* facts found and judgment rendered for the plaintiff for $700, and appeal by the defendant. *No error.*

*Joseph G. Shapiro,* with whom was *Charles H. Shapiro,* for the appellant (defendant).

*John C. Chamberlain,* for the appellee (plaintiff).

THAYER, J. There is no contested question of law involved in this case.

The plaintiff is the defendant's tenant, living on the second floor of a three-story building owned by the defendant. There were verandas extending the entire length of the building upon the second and third floors, and stairs from the ground to the second-story veranda, and from that to the third-story veranda. These stairs and the second-story veranda were used in common, as approaches to their respective tenements, by the plaintiff and another tenant on the second floor and the tenant on the third floor. The second-floor veranda thus served as a landing for the first flight of stairs and as a platform for the next flight. The railing of the veranda at the top of the first flight was defective, with the knowledge of the defendant, who neglected to repair it, and it gave way and caused the plaintiff's injuries complained of. This is the substance of the amended finding.

Both parties agree that if the defective railing was a part of a common approach to the different tenements upon the different floors, it was the duty of the defendant to repair it, if he had knowledge of the defect.

Gaucso *v.* Levy.

This is the well-established law. *Koskoff* v. *Goldman,* 86 Conn. 415, 424, 85 Atl. 588; *Valin* v. *Jewell,* 88 Conn. 151, 155, 90 Atl. 36.

The court, in its memorandum of decision at the time it decided the case, used expressions from which it might be inferred that the whole of the veranda of the second story was a part of the plaintiff's tenement, and the defendant insists that we must now treat the memorandum as the court's real finding in the case. The memorandum, so far as appears, is not made a part of the finding, although it appears that a motion was made to have it become a part of the finding. This is not a proper way to obtain a correction of the finding. The statutes, §§ 795, 797, provide a way to obtain a correction, if the finding is not warranted by the evidence. If the finding does not state the facts in accordance with the evidence, and the plaintiff's motion to amend was improperly allowed, a motion to correct the finding should have been made, stating the evidence which shows the finding to be incorrect. In the absence of such a motion for correction, we must take the finding as a correct statement of the facts.

There is no error.

In this opinion the other judges concurred.