MAY COOK, ADMINISTRATRIX, *vs.* JOSEPH SIMON.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., CURTIS, BURPEE, KEELER and WEBB, Js.

A railing upon the second story back porch of a tenement house gave way when the plaintiff's intestate came into contact with it, and she fell thirteen feet to the ground and was killed. In an action against the landlord for negligence, it was *held* that whether the railing was defectively secured and likely to give way under slight pressure was a question of fact for the decision of the trial court; and that its determination, unless shown to be unreasonable by the evidential facts detailed in the finding, was final and conclusive.

A finding to the effect that the plaintiff's intestate was free from contributory negligence is to be read as a whole and is to receive a reasonable construction. It cannot be successfully impugned by attacking a single clause in a sentence and making that the basis for a course of refined and meticulous reasoning leading to a contrary result.

Argued October 27th—decided November 1st, 1922.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant, brought to and tried by the Superior Court in Fairfield County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff for $2,500, and appeal by the defendant. *No error.*

*William H. Comley,* with whom was *Alexander L. DeLaney,* for the appellant (defendant).

*James C. Shannon,* with whom was *Henry E. Shannon,* for the appellee (plaintiff).

PER CURIAM. The errors assigned may be reduced to two: whether the facts found support the conclusions drawn from them, that the defendant was negligent as alleged and that the plaintiff's decedent was not guilty of contributory negligence.

The essential facts found are these: The defendant owned a six-family tenement house. In the rear of the easterly one of the two tenements on the second floor was a kitchen which opened upon a porch extending across the rear of this tenement, being eleven feet long by eight feet wide, and elevated above the ground thirteen feet. Stairs located between the east and west tenements on this floor ran from the porch to the ground. A railing two feet seven inches high, composed of a rail at the top and bottom with vertical pickets set between, formed the outer side and protection of this porch between the pillar at the head of the stairs and the coal-box three feet distant. The railing was held in place by having the top rail nailed to the pillar and coal-box by four nails and the bottom rail nailed to the same supports by three nails. The porch was for the use of the tenants on this floor, and the stairs for the use of the tenants on the second and third floors. The mother of the decedent, who was a girl twelve years old and weighed one hundred and twenty pounds, at 6:30 in the evening of July 27th, directed her to put some garbage, done up in a newspaper, in the garbage can, which was located twelve to fifteen feet distant from the railing of the porch, if it were in the same relative position upon the ground. The decedent took

the parcel, went to the porch, and approached the railing in an ordinary manner in order to toss the package toward the garbage can.   It was not definitely shown in what manner she leaned against it, but immediately the railing gave way and she and the entire railing fell to the ground.   The entire railing was found to be intact, but the nails by which the top rail was nailed to the pillar and coal-box were found to have entirely rusted away, and the nails which nailed the bottom rail to the pillar and coal-box were also affected by rust, but were in a somewhat better condition than the nails in the upper rail.   The railing at the time of the accident was, by reason of its insecure fastening, in an unsafe and dangerous condition, and had been so for some time prior to the accident, and defendant had been notified of this some time before the accident. The defendant always made all repairs about the porch and did not require the tenant to make repairs, and he frequently visited the premises for the purpose of examining them with reference to repairs.

The defective condition of the railing was, upon these facts, a conclusion of fact for the trial court to draw. The duty of the defendant, charged with the duty of inspection and maintenance of the railing, was to keep the same in a reasonably safe condition for the use of his tenants.   His failure to fulfil this duty, together with his knowledge, actual or constructive, of the defective condition of this railing, was plainly negligence. With this standard of duty, and upon the facts of record, the defendant might have anticipated how vain would be the attempt in this court to urge a contrary conclusion.

The defendant's second claim is that upon the subordinate facts, plaintiff has not met the burden of proving the freedom of the decedent from contributory negligence.   The finding that it was not definitely shown

in what manner the decedent leaned against the railing, the defendant argues, leaves it open to conjecture as to what the decedent did at the instant when she reached the railing, hence, so far as it can be known from the finding, she may have thrown herself against it, or leaned against it, recklessly or negligently, and in consequence it gave way. We know from the finding that the decedent crossed this porch, eight feet wide, in an ordinary manner for the purpose of throwing a bundle over this railing, and immediately this three feet of railing gave way. The condition of the railing indicates that it would have required but slight pressure against it to cause it to give way. These facts do not indicate a lack of ordinary care on the part of the decedent, but the reverse. Because the court found that the manner in which the decedent had leaned against the railing had not been definitely shown, the defendant's position would assume that she rushed over, or took a flying leap across this eight-foot space, and catapulted her one hundred and twenty pound body against this three-foot railing so as, by her negligent and reckless conduct, to loosen the rusty nails holding the lower rail. The finding is to be read as a whole and the conclusion of the decedent's freedom from contributory negligence is to be tested by a reasonable construction, and not by the process of segregating a single clause in a sentence and drawing from it by refining and meticulous reasoning an unreasonable conclusion.

There is no error.