[Civ. No. 5512. First Appellate District, Division One.—July 19, 1927.]

FRANK J. HASSELL et al., Appellants, v. CLARENCE E. DENNING et al., Respondents.

Chauncey Gardner and Edward C. Gilbert for Appellants.

Frank C. Prescott for Respondents.

KNIGHT, J.—The plaintiffs, Frank J. and Winifred Hassell, as husband and wife, brought this action to recover

damages on account of personal injuries sustained by the latter in falling from a landing at the top of an outside stairway in the rear of a two-story dwelling, plaintiffs being at the time the occupants of a portion of said dwelling and alleging that said landing was used jointly by them and defendants. The immediate cause of the accident was the collapse of a wooden railing inclosing said landing, plaintiffs alleging that the same was faultily constructed, insecure, latently defective, and constituted a dangerous nuisance; and that its defective condition was at all times known to defendants, but unknown to plaintiffs. Separate demurrers, identical in form, to the second amended complaint were sustained with leave to amend, but plaintiffs declined to amend and judgments of dismissal were thereupon entered, from which judgments these appeals have been taken.

The record does not disclose upon which of the numerous grounds set forth in the demurrers the same were sustained; but in defendants' brief, after quoting certain code sections and excerpts from a number of decisions in this state under the heading "Responsibility of Landlord," it is stated: "The complaint wholly fails to fix a liability under the above rules. No fraudulent concealment is alleged against the landlords. No reasons are shown why this is not an ordinary case of tenants charged with the duty of examining premises themselves trying to throw responsibility on the owners."

With respect to these contentions, it may be conceded that under the doctrine of *caveat emptor*, and in the absence of fraud, concealment, or covenant in the lease, a landlord is not liable to a tenant for injuries due to the defective condition or faulty construction of the demised premises; but, as indicated, the rule just stated is not absolute, it being held that a lessor is liable for personal injuries to the lessee caused by defects in the premises, known to the lessor and unknown to the lessee because arising from some cause not extraneous, if the lessor through fraud or concealment allows the lessee to occupy the premises in ignorance of such risks. (*Daley* v. *Quick*, 99 Cal. 179 [33 Pac. 859]; 15 Cal. Jur. 705.) In other words, as stated in Underhill on Landlord and Tenant (vol. 2, p. 788): "As to all patent defects which may be discovered by an examination of the premises the rule of *caveat emptor* applies. The tenant will be charged with constructive notice or knowledge of patent

defects which exist in that portion of the premises leased to and actually occupied or used by him. As to concealed defects attended with personal danger to the tenant and which no examinations upon his part would reveal, the rule is otherwise. The landlord is bound to disclose concealed defects if their existence is known to him at the date of the letting provided they are such as the incoming tenant would not discover by a reasonable inspection in order that the latter may guard against them. Where a landlord knows the premises which he is about to let are defective and in an unsafe and dangerous condition, and especially if such dangerous or defective place is not obvious, or is not discoverable by the tenant by the exercise of ordinary care, and the landlord does not inform the tenant of the defective or dangerous place and injury is occasioned thereby to the tenant or a member of his family who is not aware of such defective or dangerous place while in the exercise of ordinary care, the landlord is liable in damages. If, therefore, the landlord shall remain silent when it is his duty to speak about the defective condition of the premises or if he expressly or by implication misrepresents the actual condition of the premises either as to patent or latent defects he will be liable to the tenant for all the injuries which naturally result from his silence or misrepresentation.''

Another qualification of the doctrine of *caveat emptor* in its relation to demised premises is that where a portion of the premises is reserved by the landlord for use in common by himself and tenants, or by different tenants, a duty is imposed upon him to use ordinary care to keep those particular portions of the premises in a safe condition; and if he is negligent in this regard, and a personal injury results to a tenant by reason thereof, he is liable therefor (16 R. C. L., p. 1037; *Merchants Loan & T. Co.* v. *Boucher*, 115 Ill. App. 101; *Gausco* v. *Levy*, 89 Conn. 169 [93 Atl. 136]; *Cook* v. *Simon*, 98 Conn. 98 [118 Atl. 634]; *Hinthorn* v. *Benber*, 90 Kan. 731 [L. R. A. 1915B, 98, 136 Pac. 247]; *Maionica* v. *Piscopo*, 217 Mass. 324 [104 N. E. 839]). Under such circumstances, and in the absence of a covenant in the lease to the contrary, it becomes a question of fact to be determined by the trial court or jury, whether the lessor reserved the defective portion of the premises for such common use or whether the same were under the exclusive

dominion of the tenant who is injured thereby (*Miller* v. *Geeser*, 193 Mo. App. 1 [180 S. W. 3]; *Loucks* v. *Dolan*, 211 N. Y. 237 [105 N. E. 411]); and this latter rule as to the landlord's liability is not affected by the fact that at the time the accident occurred the premises were temporarily occupied by only two tenants, or even by only one, rather than by a larger number (*Flanagan* v. *Welch*, 220 Mass. 186 [107 N. E. 979]; *Dillchay* v. *Minor*, 188 Iowa, 37 [11 A. L. R. 106, 175 N. W. 838]).

The complaint under consideration contains the following allegations: ''That in addition to the ordinary use of said stairway for the purpose of ingress and egress, the defendants, at the time of the letting of the premises to plaintiffs, had provided and maintained on the wooden railing on the top landing thereof, for the convenient use of the premises, a certain mechanical device consisting of a wire rope running through pulleys, one pulley being securely fastened to the said wooden railing, and the other being attached to a stationary object in a horizontal direction at a distance of about fifteen feet. The said mechanical device was provided by the defendants for the joint use of plaintiffs and defendants as aforesaid, and the same was intended by the defendants to be used as a clothes-line and plaintiffs and defendants so used the same; that the said device was operated by hand at the terminal which was fastened to the said wooden railing as aforesaid. . . . That on or about the 14th day of August, 1923, the plaintiff Winifred Hassell was standing on the top landing of said stairway and while she was operating the said device, and while she was then and there attempting to use the same as a clothes-line, which was the use for which the said clothes-line and mechanical device were intended to be used by the defendants, she, the said Winifred Hassell, while then and there using the same as aforesaid, observed the said wooden railing and mechanical device both of which appeared to her to be sound and secure, when suddenly and without warning, and through no fault or negligence on her part, the said wooden railing collapsed and gave way because of its faulty construction, insecurity and latent defectiveness, of which she was not aware and of which she could not have been aware by the exercise of ordinary care and prudence; thereby causing the plaintiff, Winifred Hassell, to fall to the ground a distance of about

fifteen feet, whereby she sustained serious injuries . . . ''
It is further alleged: ''That the said device and wooden rail-
ing, because of their respective faulty construction, insecurity
and latent defectiveness, constituted and each was, a dan-
gerous nuisance at the time of the said letting and at all
times thereafter, all of which was, at all times known to the
defendants and each of them but which was at all times
unknown to the plaintiffs or either of them''; and '' . . . that
the said fall and accident to the plaintiff Winifred Hassell
as aforesaid was caused alone by the negligence and careless-
ness of the defendants and each of them in that they failed:
(a) to have the said wooden railing and mechanical device
properly constructed and in a safe and sound condition for
the purpose of their intended use at the time of the said
letting and at all times thereafter; (b) to give the plaintiffs
or either of them at the time of the letting or at any time
thereafter or at all any notice of the dangerous and unsafe
condition thereof.''

We are of the opinion that the facts thus alleged, when
read in connection with the others set forth in said complaint
regarding plaintiffs' legal relationship to defendants as
tenants, the nature and extent of the personal injuries suf-
fered by Winifred Hassell as a result of the alleged negli-
gence, and the elements and amounts of damage sustained
by plaintiffs therefrom, are sufficient to constitute a cause
of action under either of the two theories hereinabove men-
tioned, the element of concealment being sufficiently charged
in those portions of said complaint alleging that the latent
defect which caused the accident was ''at the time of the said
letting and at all times thereafter . . . known to the defend-
ants and each of them but which was at all times unknown to
plaintiffs or either of them'' and that defendants failed ''to
give plaintiffs or either of them at the time of the letting
or at any time thereafter or at all any notice of the dan-
gerous and unsafe condition thereof.''

The authorities cited and relied upon by defendants relate
to causes of action entirely different from those upon which
plaintiffs' complaint is grounded, and therefore they are
not in point. They pertain either to dilapidations occurring
to demised premises subsequent to the letting thereof, in
which case the provisions of sections 1941 and 1942 of the
Civil Code are controlling, or to patent defects of which

the tenant is bound to take notice under the doctrine of *caveat emptor;* or to latent defects unknown to the landlord and which he would not have discovered by the exercise of ordinary care prior to the letting of the premises, under which circumstances he is not liable. The instant proceeding is on demurrer to the complaint and, therefore, until issues as to the elements mentioned are brought into the case by answer, none of them can be properly considered.

For the reasons stated the judgments appealed from are reversed, with directions to the trial court to overrule the demurrers.

Tyler, P. J., and Cashin, J., concurred.