LOUISE A. BUTLER, widow, Plaintiff in Error, v. THOMAS MANEY, Defendant in Error.

200 So. 226
Special Division B
Opinion Filed February 4, 1941

34

*Dickinson & Dickinson,* for Plaintiff in Error;

*Maguire, Voorhis & Wells,* for Defendant in Error.

CHAPMAN, J.—The record in this case discloses that the plaintiff below was the tenant of the defendant and occupied an apartment of the defendant located at 214 South Rosalind Avenue in the City of Orlando, Florida. The apartment contained a back porch or balcony and when the plaintiff was walking on the floor thereof, the same gave way or broke and plaintiff fell through the said floor and sustained numerous bruises and injuries to her right knee, hip and body. The injuries of the plaintiff, it is contended, were due to the negligence of the defendant in failing to keep the floor of the porch or balcony to the rear of the apart-

ment occupied by the plaintiff in a safe condition or in a good state of repair. The lower court sustained a demurrer to three counts of the amended declaration, and counsel for plaintiff below declining to amend further the said amended declaration, a judgment final for the defendant below was entered and an appeal therefrom has been perfected to this Court.

The first count of the amended declaration alleges the relation of landlord and tenant and the payment by the tenant to the landlord of the agreed monthly rentals and that it was the legal duty of the landlord to maintain and keep the premises, inclusive of the floor of the rear porch, in a safe condition, but failed so to do and the plaintiff was injured while on the floor of the rear porch.

The second count of the amended declaration alleges the relation of landlord and tenant between the parties, the occupancy of the apartment by the plaintiff and the payment to the defendant of the agreed rentals for the use of the property, and that under these conditions it was the legal duty of the defendant to keep the floor of the porch located on the rear of the apartment in a safe condition, but that defendant negligently permitted the floor of the porch to become rotten and decayed and while in the occupancy and use of the porch the floor broke and gave way and the plaintiff sustained certain enumerated injuries.

The difference between the first and second counts of the amended declaration is that the owner was charged in the first count with the legal duty of keeping *all* of the apartment in a safe condition, and in the second count with keeping the entrance to the rear of the apartment, or *the porch floor*, in safe condition, and the breach of duty and the injury flowing therefrom.

The third count alleged the relation of the parties and an implied lawful duty on the defendant to keep the premises

in safe condition and his breach of the implied legal duty, and the injury to the plaintiff, and the repair of the porch floor by the defendant after the plaintiff sustained .he said injury.

The different grounds of the demurrer were directed to each count of the amended declaration and were viz.: (a) the count failed to show a legal duty on the defendant to keep the premises in a safe and tenantable condition; (b) there was no violation alleged of a contractual obligation to keep the premises in repair; ((c) there was no liability, as a matter of law, on the defendant for the injuries of the plaintiff; (d) and broadly speaking, that there was no cause of action alleged.

The court below concluded that the amended declaration failed to state a cause of action. It was contended, when the case was orally argued at the bar of this Court and in the brief of counsel for plaintiff in error, that Section 3361, C. G. L., required the defendant to keep the apartment in safe condition so as not to injure those lawfully thereon. We have carefully examined this provision of our statute in the light of the contention of counsel, but we are unable to agree to this conclusion. The lower court held, but we are unable to agree to this conclusion. The lower court held, and we think correctly, that this provision refers to plumbing, lighting, heating and ventilation and does not require a repair of the floor of a porch to an apartment. We have examined Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, Ann. Cas. 1913C 564.

The mere ownership of real property does not as a matter of law impose upon the landlord liability for the negligent use thereof by the tenant. The contract or agreement establishing the relation of landlord and tenant does not include the relation of principal and agent or master and servant. The obligations and duties of landlord and tenant

rests upon established principles of law and the terms or conditions of the contract or agreement creating the relation of landlord and tenant. See Shearman & Redfield on the Law of Negligence (6th Ed.) Vol. 1, pages 351-3, par. 144. The different counts of the declaration fail to allege or contain an allegation as to a covenant to repair the floor of the porch of the defendant where plaintiff's injury occurred, or an allegation in either of said counts that the defendant knew or had knowledge that the floor was defective or by the exercise of due care should have known that the floor had decayed and was defective or dangerous for the plaintiff to use.

Counsel for plaintiff in error cite and rely upon the cases viz.: Viola v. Convery, 10 La. App. 85, 122 So. 90; Farguet v. DeSenti, 110 Conn. 367, 148 Atl. 139; Bolitho v. Mintz, 106 N. J. L. 449, 148 Atl. 737; Maslin v. Childs, 146 App. Div. 174, 130 N. Y. S. 902; Gaucso v. Levy, 89 Conn. 169, 93 Atl. 136; Cook v. Simon, 98 Conn. 98, 118 Atl. 634; Hinthorn v. Benber, 90 Kan. 731, 136 Pac. 247, L. R. A. 1915B 98; Miller v. Geeser, 193 Mo. App. 1, 180 S. W. 3; Karp v. Barton, 164 Mo. App. 389, 144 S. W. 1111; Smith v. Morrow, 220 Ill. App. 627; Hunter v. Schuchart (Mo. App.), 267 S. W. 411; Stevens v. Yale, 101 Conn. 683, 127 Atl. 283; Davies v. Kelley, 112 Ohio St. 122, 146 N. E. 888; Sullivan v. Northridge, 246 Mass. 382, 141 N. E. 114.

The general conclusion reached in the cited cases is that when a landlord rents different parts of a building to various tenants and retains control of the stairways, passageways, halls and other methods of approach to the several portions of the buildings, for the common use of the tenants, there rests on the landlord an implied duty to use reasonable care in keeping such places in a reasonably safe condition, and that he is liable for injuries resulting to persons who are

lawfully in such building for a failure to perform such duty. This liability on the part of the landlord arises only from his failure to keep that part of the building in a safe condition under his control and common to all the tenants. Some of the cited cases hold that the question of whether or not the landlord retained control of that portion of the building common to all the tenants was for the jury to settle under appropriate instructions.

Under our system of pleading, where the facts are within the knowledge of the plaintiff, the law casts on him the duty to allege in his declaration statements of facts distinctly and clearly so as to apprise the defendant of the particular acts and circumstances upon which the action is based and all the essentials of a cause of action should be accurately and succinctly stated. See Equitable Life Assur. Soc. of U. S. v. McKeithan, 119 Fla. 486, 160 So. 883; Sickler v. Indian River Abstract Co., 142 Fla. 528, 195 So. 195; Kirton v. Atlantic Coast Line R. Co., 57 Fla. 79, 49 So. 1024; Sylvester v. Lichtenstein, 61 Fla. 441, 55 So. 282; Bowery v. Babbit, 99 Fla. 1151, 128 So. 801.

The rule enunciated by the cited cases is based on the negligent failure of the landlord to keep that portion of the building used in common by the tenants in safe condition is well expressed by Tiffany on Landlord and Tenant, Vol. 1, pages 628-30, par. 89, viz.:

"89. PLACES OPEN TO USE BY TENANT. a. Common Approaches. It frequently happens that the owner of a building demises separate parts thereof to different tenants, access to which parts is by means of a passage, stairway, or other means of approach, which, while intended for the use of the different tenants, is not in itself included in the demise to any one of them and consequently remains in control of the landlord. In such case the landlord in effect invites the use of such passages or stairway by the tenants,

and by other persons whose relations to the tenants involve their use of these approaches in order to obtain access to the rooms or apartments demised, and he is accordingly regarded as liable, both to the tenant and such other persons, for any injury caused by his failure to exercise reasonable care to keep such parts of the building in proper repair, as is any owner of land or of structures thereon as regards persons whom he expressly or impliedly invites to enter thereon. And he is obviously liable for negligent acts on his own part rendering the approaches unsafe, as when he or his servants leave the hatchway or elevator shafts therein unguarded. . . ."

The case stated by the several counts of the amended declaration is distinguishable from the authorities cited in that the several counts fail to allege that the floor of the porch or balcony where the plaintiff was injured was used in common by the several tenants of the plaintiff. The several counts likewise fail to allege a covenant on the part of the defendant to keep in safe condition the floor of the porch where plaintiff was injured, or that the defendant had a knowledge of the unsafe condition thereof at the time of the alleged injury.

Tiffany on Landlord and Tenant, when considering the liability of a landlord to a tenant concerning places of a building not used in common by other tenants, in Vol. 1, pages 639-40, subdivision j of par. 89, states the rule, viz.:

"j. PLACES NOT USED IN COMMON. It has been apparently decided in several cases that though the landlord owes to his tenants the duty to keep the common passageways, stairs, platform and the like in safe condition for the use of the various tenants and their guests, there is no analogous obligation in the case of a passageway or platform, the use of which is *not* common to two or more tenants, but which *one* tenant alone has the right to use,

although such passageway or platform is not a part of the leased premises, but is retained by the landlord, and the tenant is given merely the right to make use thereof. In these cases, apparently, the strict rule of law was applied, that the owner of a tenement subject to an easement owes no duty to repair the tenement for the benefit of the owner of the easement, but that he himself must make the repairs, a rule which the courts have refused to apply in the case of places used in common by various tenants, on the ground apparently that there is a necessary implication otherwise, under such circumstances . . .

"As regards an approach or platform on a part of the land which is to be regarded as included in the lease, the landlord obviously owes no duty to the tenant or persons claiming under him, greater than that which he owes as to any other part of the leased premises. There may have been occasional decisions as to whether the particular in which the accident occurred was within the leased premises so as to exempt the landlord from liability." (Emphasis supplied.)

If the tenant has the same opportunities as the owner to discover a defect at the time of the leasing, then the rule of *caveat emptor* applies and the tenant takes the property as he finds it. The liability to a tenant by a landlord is stated in Shearman & Redfield on the Law of Negligence, Vol. 3 (6th Ed.) pages 1865-7, par. 709, viz.:

"709. LIABILITY TO TENANT FOR DEFECTS AT DATE OF LEASE.—On the owner's entire surrender of control over premises to a lessee, he is, in the absence of any warranty of their condition or fraudulent concealment of known defects or agreement to repair, on his part, free from liability to the lessee and to those whom the latter invites upon the premises, for defects which could have been discovered by the lessee, on reasonable inspection, at the time of hiring.

In other words, if the lessee has the same opportunities as the owner to discover a defect, at the time of leasing, the rule of *caveat emptor* applies, and he takes the premises as he finds them. There is, therefore, no implied warranty on the part of a lessor that the demised premises are safe or reasonably fit for occupation, where, however, there is some latent defect, *e. g.,* an original structural weakness or decay, or the presence of an infectious disease, or other injurious thing rendering the occupation of the premises dangerous, which were known to the lessor, and were not known to the lessee, nor discoverable by him on a reasonable inspection, then it was the duty of the lessor to disclose the defect; and if an injury results therefrom, he is liable as for negligence . . ."

See 16 R. C. L. par. 552; 36 C. J. 125; Collision v. Curtner, 141 Ark. 122, 216 S. W. 1059, 8 A. L. R. 760 and annotations appearing at page 765, *et seq.*

We fail to find error in the record and accordingly the judgment appealed from is hereby affirmed.

BROWN, C. J., WHITFIELD and TERRELL, J. J., concur.