72 So.2d 278 (1954)
WILENSKY
v.
PERELL.
Supreme Court of Florida. Special Division B.
April 27, 1954.
Nichols, Gaither, Green, Frates & Beckham and Wm. Clinton Green, Miami, for appellant.
Dixon, DeJarnette & Bradford, Miami, for appellee.
THOMAS, Justice.
The court dismissed an original and two amended complaints. The order dismissing the second amended complaint contained no provision for further amendment. Then the appellee employed additional counsel and they petitioned for a rehearing and submitted a third amended complaint. The rehearing was granted and evidently the new complaint was thoroughly argued by the attorneys and considered by the court. The judge adhered to his ruling on the second amended complaint, and denied the motion for leave to amend because he was "still * * * of the opinion that the facts as pleaded affirmatively showed the Plaintiff was not entitled to recover." The judge entered final judgment and this appeal followed.
We construe the quoted part of the order as an adjudication of the merits of the proposed amendment which we shall now analyze.
The appellee owned an apartment building which she had leased to another. The appellant, a business invitee of the lessee, fell through the floor of one of the apartments and was badly injured. At all relevant times there were defects in the floor and its supports due to negligent construction *279 or maintenance, or there was lack of care on the part of the owner in the construction or operation of the property, or want of inspection prior to leasing it. The defective condition of the floor was known to the lessor, but not to the lessee, and the lessor knew or should have known that persons would come lawfully on the premises and that ordinary use of the unsound floor would by collapsing cause them injury. The weakness of the structure was latent and not discoverable either by the lessee or the invitee by reasonable and ordinary inspection, and the lessor whose duty it was to disclose the unsafe condition of the floor failed to do that. As a proximate result of the appellee's negligence the appellant suffered grave injury.
"A lessor of land, who conceals or fails to disclose to his lessee any natural or artificial condition involving unreasonable risk of bodily harm to persons upon the land, is subject to liability for such harm caused thereby to the lessee and others on the land with the consent of the lessee * * *, if (a) the lessee does not know of the condition or the risk involved therein, and (b) the lessor knows of the condition and realizes the risk involved therein and has reason to believe that the lessee will not discover the condition or realize the risk." Restatement, Torts, Sec. 358 (1934).
This is a fair statement of the law and is abundant support of appellant's contention that he stated a cause of action.
The following statement from Shearman and Redfield on the Law of Negligence, Vol. 3, 6th Ed., pages 1865-1867, approved by this Court in Butler v. Maney, 146 Fla. 33, 200 So. 226, 229, is in harmony with the Restatement:
"`709. Liability to Tenant for Defects at Date of Lease.  On the owner's entire surrender of control over premises to a lessee, he is, in the absence of any warranty of their condition or fraudulent concealment of known defects or agreement to repair, on his part, free from liability to the lessee and to those whom the latter invites upon the premises, for defects which could have been discovered by the lessee, on reasonable inspection, at the time of hiring. In other words, if the lessee has the same opportunities as the owner to discover a defect, at the time of leasing, the rule of caveat emptor applies, and he takes the premises as he finds them. There is, therefore, no implied warranty on the part of a lessor that the demised premises are safe or reasonably fit for occupation, where, however, there is some latent defect, e.g., an original structural weakness or decay, or the presence of an infectious disease, or other injurious thing rendering the occupation of the premises dangerous, which were known to the lessor, and were not known to the lessee, nor discoverable by him on a reasonable inspection, then it was the duty of the lessor to disclose the defect; and if an injury results therefrom, he is liable as for negligence. * * *'" (Emphasis supplied.)
Under these authorities the appellant stated a cause of action which the appellee should have been required to answer. With this idea in mind we proceed to a determination of the propriety of the judge's action in rejecting the amendment, that is whether he so abused his discretion in disallowing further revision of the pleading that his final judgment was undermined.
In this Court the appellant has based his argument that the judge erred, in denying the application to amend, upon the proposition that the tendered complaint contained allegations stating a firm cause of action. To state it otherwise he claims that the Court's discretion was abused because the tendered complaint sufficiently stated a cause of action. The appellee in her brief choses a question of her own and simply asks: "Was the circuit court within its discretion in refusing to allow further amendments after three attempts to state a good cause of action?"
So it is apparent that the appellant stands on the sufficiency of the complaint while *280 the appellee stresses the number of attempts that had been made to state a cause of action and ignores the merits of the proposed amendment.
We have often recognized the rule that the allowance of amendments is a matter of judicial discretion, but we are also committed to the principle that liberality is to be indulged so that "fundamental justice may not be cast upon the reefs of technicality". McCullough v. McCullough, 156 Fla. 321, 23 So.2d 139, 140. Chary as we are to interfere with trial judges' rulings in respect of amendments we are obliged to do so if an abuse is shown. As is usually the case, it is difficult here to define the line between the spheres of operation of the two principles.
Relatively little time passed between the filing of the initial complaint and the entry of the final judgment; less than three months elapsed between the start of the suit and the dismissal of the second amended complaint. So there seems to have been no procrastination on the part of anyone connected with the controversy.
The procedure followed by the judge in appraising the tendered pleading and refusing to recognize it as an amendment, instead of permitting it filed and later dismissing it for insufficiency seems expedient. But by following the latter course the element of discretion would have been eliminated. What he did had the same effect, both, we think, on the settlement of the pleadings and the elimination of the question of discretion. See Town of Coreytown v. State, Fla., 60 So.2d 482.
We think the pivotal question is the sufficiency of the tendered pleading and we think the judge was, as we have already written, motivated solely by that thought when he made his ruling. In view of the lack of any dilatoriness and the entry of new counsel in the case he probably would have exercised his discretion in appellant's favor if he had thought appellant's complaint was sufficient. Once we disagree with him on that score we would not feel justified in holding that he, nevertheless, was right because the appellant had tried three times to state a case and failed. Such an interpretation would weaken the rule of liberality and distort the one of discretion.
We draw a distinction between the discretion that may be exercised where it appears that the pleader cannot state a cause of action because by more than one attempt he has demonstrated that he has none, and discretion that is undertaken to be exercised in a case such as this where the merits of the proposed pleading are judged and the court for the lone reason that it is defective rejects the amended pleading. We cannot agree that we should hold the view that a cause of action was properly alleged, but that the ruling of the trial court to the contrary should be upheld because he used a discretion that should not be disturbed.
Reversed.
ROBERTS, C.J., and DREW and BUFORD, JJ., concur.