[Civ. No. 19779.   First Dist., Div. Two.   Oct. 24, 1961.]

JEAN FANTACONE, Appellant, v. ELSIE R. McQUEEN, Respondent.

478

Lewis & Stein and Marvin E. Lewis for Appellant.

Walcom & Harmon for Respondent.

SHOEMAKER, J.—This is an appeal by the plaintiff Jean Fantacone from a judgment of dismissal after the trial court granted the defendant Elsie R. McQueen's motion for nonsuit.

Plaintiff brought this action to recover damages for personal injuries sustained when she fell while descending a stairway leading from premises which she had leased from defendant. Plaintiff's complaint was (1) that the stairway on which she fell was reserved for the use in common of the other tenants and of defendant lessor, and that its use was in no way limited to or controlled by plaintiff; and (2) that the stairway had been negligently maintained by defendant so as to become dangerous and unsafe in that the stairs were loose and insecure, worn unevenly, and too narrow to permit safe passage.

Midway through the trial, plaintiff stipulated that she had submitted all the evidence available to her bearing on the issue of whether the stairway could be deemed a stairway in common or a part of the premises leased by plaintiff. Defendant then moved for a nonsuit on the ground that there was no evidence sufficient to support a finding that the stairway was reserved for common usage. The trial court granted this motion and a judgment of dismissal was subsequently entered.

The law governing the granting or denial of a nonsuit is well settled. In *Estate of Lances* (1932), 216 Cal. 397 [14 P.2d 768], the rule is stated: ". . . A nonsuit or a directed verdict may be granted 'only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient

substantiality to support a verdict in favor of the plaintiff if such a verdict were given.' [Citations.]'' (P. 400.)

The sole question to be determined on this appeal is whether the trial court was justified in concluding that there was not sufficient evidence to support a finding that the stairway in question was a common stairway. In resolving this question, the evidence on this issue must be viewed in the light most favorable to appellant.[1]

Appellant first offered into evidence plaintiff's exhibits Numbers 3 and 5. These exhibits are photographs of the stairway where plaintiff fell, and show that the stairway in question ascends from the ground floor to the back door of appellant's apartment. Although the stairs end at this point, a vertical ladder at the head of the stairs continues up the outer wall of the building toward the roof. The lowest rung of this ladder is located a foot or so above the landing. Although the ladder does not extend all the way up the wall to the roof, there was evidence that a step was built into the wall above the top rung of the ladder, thus enabling a person to step from the ladder onto the roof. There was also evidence to the effect that this ladder provided the only convenient means of access to the roof. Respondent herself testified that she knew of no other way to reach the roof except to put a ladder alongside the house or to proceed through an attic in appellant's apartment where respondent testified she ''believed'' there might be an entrance to the roof. Appellant testified that she had heard and seen people on the roof, and that she had seen a man come down by means of the ladder. Mr. Davis, a former tenant of the building, testified that he had received

---

[1]The appeal may be confined strictly to this one issue because appellant clearly made no attempt to allege a cause of action on any other ground than that of the common usage doctrine. The general rule governing the liability of a landlord to his tenant is that the tenant takes the premises as he finds them, and the landlord is under no duty to keep the premises in safe condition after transfer of possession. (See *Strecker* v. *Barnard* (1952), 109 Cal.App.2d 149, 152 [240 P.2d 345]; *Pfingst* v. *Mayer* (1949), 93 Cal.App.2d 265, 275 [208 P.2d 1002]; Rest. Torts, §§ 355, 356.) The general rule in California governing landlord-tenant liability is that '' ' ''In the absence of fraud, concealment or covenant in the lease, a landlord is not liable to a tenant for injuries due to a defective condition or faulty construction of the demised premises.'' ' '' (*Yazzolino* v. *Jones* (1957), 153 Cal.App.2d 626, 631-632 [315 P.2d 107].) In the case at bar, appellant made no attempt to allege a concealed defect of which respondent had knowledge, but based her action solely on the theory that the stairway was reserved for common usage and that respondent thus owed her the duty of ordinary care to keep this area in a safe condition. (*Freeman* v. *Mazzera* (1957), 150 Cal.App.2d 61, 63 [309 P.2d 510].)

permission from a former landlord to put a television antenna on the roof and that he had used the ladder to install the antenna and to repair it on various occasions. Mr. Davis had also seen the former landlord use the ladder in order to make repairs on the roof. He further testified that he continued to use the ladder on three or four occasions after respondent became the owner of the building.

It is appellant's position that the existence of the ladder alone, in view of the fact that it provided the only convenient means of access to the roof, would support an inference that the ladder and the stairway leading to it were reserved for the use in common of the landlord and the other tenants. We agree. Respondent herself correctly points out that the roof of a multiple dwelling is a portion of the premises reserved to the landlord (*Smelser* v. *Deutsche Evangelische, etc. Kirche* (1928), 88 Cal.App. 469, 474 [263 P. 838]), but contends that the stairway was under the exclusive control of appellant. Were this the case, it would be necessary for respondent to obtain appellant's permission in order to ascend the stairs and thus use the ladder for the purpose of roof repairs. (See 3 Thompson on Real Property, Covenants in Leases [1959 Replacement] § 1130, pp. 474, 481-482.) Such a situation seems very unlikely.

Although there appears to be no California case dealing with this precise set of facts, the rule is well established that the question of control is one of fact. (*Hassell* v. *Denning* (1927), 84 Cal.App. 479, 482-483 [258 P. 426]; *Burks* v. *Blackman* (1959), 52 Cal.2d 715, 718-719 [344 P.2d 301].) Neither is it necessary, in determining the issue of control, that there have been actual use of the "common" stairway by the landlord or by other tenants. In *Yazzolino* v. *Jones* (1957), 153 Cal.App.2d 626, 633 [315 P.2d 107], this court stated:

". . . As the plaintiff correctly points out in his brief, actual use is not the determinative factor. (*Hassell* v. *Denning, supra,* 84 Cal.App. 479.) It is, therefore, of no significance that the upstairs tenant did not use the stairway or that the Duffys had used the stairway only once in six months. . . ."

Appellant therefore was under no duty to prove that respondent or any other tenant had actually made use of the stairway and the ladder, to sustain her position. The mere existence of the ladder as the one convenient means of access to the roof, and the fact that this ladder was located at the top of the stairs, is sufficient to present an issue of fact as to

whether the stairway was reserved for common usage. The evidence might be such that a jury would find that the stairway was *not* a common passageway; still, there was sufficient evidence before the court to present a question of fact and the trial court erred in granting the nonsuit.

Respondent argues, however, that the cases of *Martel* v. *Malone* (1951), 138 Conn. 385 [85 A.2d 246], and *Kilmer* v. *White* (1930), 254 N.Y. 64 [171 N.E. 908], conclusively establish that the question was one of law and that there was no need to submit the issue to the jury. Both cases are clearly distinguishable. In the *Martel* case, the plaintiff had leased the second floor of an apartment building. A stairway attached to the outside of the building provided the only means of access to this apartment. The plaintiff urged that there was a scuttle in the ceiling leading to an attic which was not a part of the demised premises, and that the landlord might use the stairs in order to reach this attic by proceeding through the apartment. Plaintiff thus argued that the landlord could be deemed to have reserved control of the stairs. The case clearly presents an entirely different situation due to the fact that the landlord would have had to pass directly through the apartment in order to use the scuttle. As pointed out by the court:

". . . To reach the scuttle, the defendant would have had to pass through premises which were unquestionably in the exclusive control of the society. Under the circumstances, it cannot be held that either the possibility urged by the plaintiff or any other evidence in the case was sufficient to warrant the jury in finding that control of the stairway was retained by the defendant. . . ." (P. 249 [85 A.2d].)

In our case, there was clearly no need to pass through appellant's apartment in order to utilize the ladder.

In the *Kilmer* case, the plaintiff had leased the top floor of a three-story apartment building and fell from a piazza in the rear of the apartment. Although the plaintiff urged that the landlord had reserved the common use of the piazza as a means of access to the roof, the court held this contention to be unsound, pointing out that the common usage rule was applicable only to passages, stairways, and the like, and that the piazza was clearly a portion of the leased premises through which the tenant merely gave the landlord license to pass.

It would thus seem apparent that in both these cases, the situation was such that the landlord was required to pass through premises which were unquestionably within the ex-

clusive control of the tenant. In the instant case, the question of the control of the stairway itself was in issue. In view of the fact that this stairway was outside of the premises leased by respondent and did not pass through any area which clearly was let to appellant under the terms of the lease, the jury should have been entitled to determine whether this stairway was for the exclusive use of appellant or provided a common means of access to the roof.

Judgment reversed.

Kaufman, P. J., and Agee, J., concurred.