HENDRY, Judge.
This is an appeal- by the plaintiffs below from an order dismissing their second amended complaint with prejudice. The order of dismissal was entered pursuant to the defendants’ motion to dismiss on the grounds that the second amended complaint fails to allege a cause of action against the defendants.
*541 The pertinent allegations of the second amended complaint are as follows:
“2. On November 11, 1960, and pri- or thereto, the defendants, ALBERT S. JACOBS and IDA M. JACOBS, his wife, leased, operated and controlled the premises known as the MANSFIELD PARK APARTMENTS at No. 1925 Washington Avenue, Miami Beach, Dade County, Florida.
“3. On November 11, 1960, the plaintiffs, JOSEPH FELDMAN and SARAH FELDMAN, his wife, were paying guests of the said defendants at the said MANSFIELD PARK APARTMENTS, leasing and occupying fully furnished and carpeted Apartment No. 9 therein.
“4. Defendants had dominion and control of said Apartment No. 9 on February 23, 1960, the commencement of the tenancy of said apartment by the plaintiffs, and prior and subsequent thereto. At all of said times defendants, their servants, agents and employees installed, maintained and had exclusive control of the floor coverings and flooring thereunder of said Apartment, and have furnished plaintiffs with complete maintenance service and regular maid service to said Apartment from February 23, 1960 to the present time.
“5. At all times herein mentioned the dining room floor of said Apartment No. 9 was latently defective in that it contained a hidden hole approximately 1 and 1/4 inches deep, 2 inches wide and 3 inches long, near the East side of the Kitchen-dining room threshold, completely covered and concealed by wall to wall carpeting.
“6. Said latent defect, the dangerous trap and unreasonable risk of bodily harm to plaintiffs created thereby, were well known to the defendants on February 23, 1960, the commencement of the tenancy of said Apartment No. 9 by plaintiffs, and prior and subsequent thereto and on November 11, 1960. Defendants realized said risk to plaintiffs and had reason to believe that plaintiffs would not discover said condition and realize that risk.
“7. Said latent defect, being so covered and hidden, was not noticeable or discoverable upon reasonable inspections made by plaintiffs and therefore not known to the plaintiffs at the inception of their tenancy of said Apartment on February 23, 1960, or at any time thereafter until the accident on November 11, 1960, set forth herein-below. Plaintiffs had no reason or cause to know of or anticipate such a latent defect or to raise said carpeting in order to search therefor.
“8. Defendants were under a duty to disclose said latent defect to plaintiffs, but they negligently failed to do so and fraudulently concealed said defective condition from plaintiffs.
“In addition, in the exercise of due care, defendants were under a duty to repair said dining room floor and remove said latent defect and the dangerous trap and unreasonable risk of bodily harm to plaintiffs created thereby; but they negligently disregarded said duty and failed to so repair and remove.
“9. Defendants so fraudulently concealed and failed to disclose said latent defect to plaintiffs in order to make plaintiffs lease said Apartment No. 9 from them.
“10. Being unaware of said latent defect, relying on defendants to make disclosure of any such defect or trap, and deceived and lulled into a false sense of security by defendants’ fraudulent concealment and failure to disclose said defect, plaintiffs leased said Apartment No. 9 from defendants on February 23, 1960.
*542 “11. At about 11:30 o’clock A.M. on November 11, 1960, plaintiff, SARAH FELDMAN, was lawfully in the kitchen of her said apartment. The kitchen floor was covered with a linoleum-type tile floor covering. The adjoining dining room floor was covered with a wall to wall carpet, as aforesaid. This plaintiff then and there proceeded to walk slowly from the kitchen to the adjoining dining room, on a line near the East side of the kitchen-dining room threshold. As she stepped upon the dining room carpet it suddenly gave way beneath her left foot, causing her to be thrown backward to the hard kitchen floor with great force and violence, whereby she sustained severe and permanent injuries to her left leg.
“12. Said fall and injury were caused solely, directly and proximately by defendants’ aforesaid negligent failure to disclose, fraudulent concealment, and/or negligent failure to repair and remove said latent defect.
“13. By reason of the defendants’ negligent failure to disclose, fraudulent concealment, and/or negligent failure to repair and remove said latent defect, as aforesaid, the plaintiff, SARAH FELDMAN, was severely and permanently injured in and about her left leg, and by reason whereof she suffered great pain and anguish and will continue to do so permanently, and she was and is thereby rendered permanently incapable of walking and performing her normal duties.
“WHEREFORE, plaintiff, SARAH FELDMAN, claims damages of the defendants, ALBERT S. JACOBS and IDA M. JACOBS, in an amount in excess of FIVE THOUSAND ($5,000.-00) DOLLARS.”
The only point on appeal is whether the second amended complaint states a cause of action against the defendants upon which relief can be granted. We hold that a cause of action is stated.
In Wilensky v. Perell, Fla., 1954, 72 So.2d 278, our Supreme Court held that a cause of action was stated by a business invitee of lessee, against the lessor, for injuries sustained when he fell through the floor of one of the apartments on the leased premises. In its decision, the Supreme Court quoted the following language of Restatement, Torts, Sec. 358 (1934):
“ A lessor of land, who conceals or fails to disclose to his lessee any natural or artificial condition involving unreasonable risk of bodily harm to persons upon the land, is subject to liability for such harm caused thereby to the lessee and others on the land with the consent of the lessee * * *, if (a) the lessee does not know of the condition or the risk involved therein, and (b) the lessor knows of the condition and realizes the risk involved therein and has reason to believe that the lessee will not discover the condition or realize the risk.’ ”
In addition, the Supreme Court referred to its decision in Butler v. Maney, 146 Fla. 33, 200 So. 226, 229, in which it quoted from Shearman and Redfield on the Law of Negligence, Vol. 3, 6th Ed., pages 1865-1867 to the effect that a lessor is liable for negligence where there is some latent defect on the leased premises rendering the occupation of the premises dangerous, which defect is 1) known to the lessor 2) not known to the lessee, nor discoverable by him on a reasonable inspection and 3) not disclosed by the lessor to the lessee and where injury results therefrom.
Appellants’ second amended complaint contains the essential allegations of negligence. The defect in question was alleged to have been concealed by a carpet. It was further alleged that the defect was known by the appellees, lessors, and not known nor discoverable by reasonable inspection by the appellants. The mere fact that appellants had occupied the premises for approximately nine months prior to the accident would not impart to them a knowl *543 edge of the existence of the defect as a matter of law.
Accordingly, the order appealed is reversed.
Reversed and remanded.